**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Ward Benjamin McClain, Jr., *as Personal Representative of the Estate of Ward Benjamin McClain, III*, )<br><br>Plaintiff,  )<br><br>vs.  )<br><br>Greenville, South Carolina City Police Department; City of Greenville, South Carolina; Greenville County, South Carolina Sheriff's Office; Greenville County, South Carolina; South Carolina Law Enforcement Division; State of South Carolina,  )<br><br>Defendants.  ) | Civil Action No. 6:22-cv-01465-TMC<br><br>**ORDER** |

Plaintiff Ward Benjamin McClain, Jr., ("Plaintiff"), as the Personal Representative of the Estate of Ward Benjamin McClain, III ("Decedent"), proceeding *pro se*,[1] brought this action against Defendants under 42 U.S.C. § 1983 asserting various claims arising out of an encounter between Decedent, Plaintiff's son, and law enforcement officers which resulted in Decedent's death. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). On May 25, 2022, Defendants Greenville County, South Carolina (the "County"), Greenville County, South Carolina Sheriff's Office (the "Sheriff's Office"), South Carolina Law Enforcement Division ("SLED"), and the State of South Carolina (the "State") (collectively, the "Moving Defendants") filed a motion to dismiss. (ECF No. 13). Plaintiff filed his response in opposition to the Moving

---

[1] Plaintiff is an attorney in good standing, and he has elected to proceeded *pro se* in this action.

1

Defendants' motion on June 8, 2022, (ECF No. 20), and the Moving Defendants replied (ECF No. 21). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the motion to dismiss. (ECF No. 23). Plaintiff filed objections to the Report, (ECF No. 24), and the Moving Defendants timely filed a response to Plaintiff's objections, (ECF No. 26). Accordingly, this matter is now ripe for review.

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 23). The recommendations set forth in the Report, however, have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

Additionally, this court is charged with construing a *pro se* party's filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim

currently cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Moreover, "'[t]he Fourth Circuit has not explicitly decided whether attorneys proceeding *pro se* are entitled to this liberal construction.'"  *Clowdis v. Silverman*, Civ. A. No. 3:14-CV-128, 2019 WL 1415454, at *4 (E.D. Va. Mar. 28, 2019) (quoting *Downing v. Lee*, No. 1:16-cv-1511, 2017 WL 3082664, at *7 (E.D. Va. July 18, 2017)).  However, the Fourth Circuit has, in recent decisions, "expressly left open the question of whether a lawyer proceeding pro se 'receives the benefit of this liberal construction.'"  *Id*. (quoting *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016)).  Accordingly, "[b]ecause this remains an open question, 'out of an abundance of caution and in accordance with the liberal construction afforded to a pro se complaint,' the Court will 'construe [Plaintiff's] arguments as best it can[.]'"  *Id*. (quoting Kerr, 824 F.3d at 72).

Although Plaintiff filed objections to the Report, none of his objections specifically challenge any of the findings or conclusions in the Report.  *See* (ECF No. 24).  Instead, Plaintiff's objections are conclusory and non-specific, unrelated to the dispositive portions of the Report, or merely restate Plaintiff's claims and arguments in opposition to the Moving Defendants' motion.  *See id*.  Specifically, Plaintiff's first and fourth objections express his disagreement with the magistrate judge's conclusion regarding his failure to state a claim against the County, relying on unsupported and conclusory statements, but fail to identify any particular allegations in the complaint which would support a cognizable right of action.  *See id*. at 1, 3–4.  Similarly, Plaintiff's third objection disagrees with the magistrate judge's statement of the standards for Rule 12(b)(1) and 12(b)(6) as inapplicable but fails to cite any authority in support of this conclusory assertion.  *See id*. at 3.  Plaintiff's third objection also disagrees with the magistrate judge's conclusion that the State, SLED, and the Sheriff's Office are entitled to Eleventh Amendment immunity, but again

fails to identify any error of fact or law in the magistrate judge's thorough analysis. It is well-settled in this district that objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Therefore, Plaintiff's first, third, and fourth objections are overruled.

As to Plaintiff's second and fifth objections, they are entirely unrelated to the dispositive and material findings and conclusions in the Report. In particular, Plaintiff's second objection argues that the Moving Defendants were all acting under color of state law as required to state a claim under § 1983. *See* (ECF No. 24 at 2). However, nowhere in the Report does the magistrate judge even address whether the Moving Defendants were acting under color of state law, because the Moving Defendants did not raise that as a ground for dismissal in their motion. *See* (ECF Nos. 13; 23). Likewise, although Plaintiff's fifth objection is titled "Eleventh Amendment Immunity," he makes no objection to the magistrate judge's analysis or conclusions regarding Eleventh Amendment immunity as to the State, SLED, and the Sheriff's Office, and instead repeats the arguments set forth in his response in opposition regarding qualified immunity. *See* (ECF No. 24 at 4–6); *see also* (ECF No. 20). In her Report, however, the magistrate judge explicitly noted that the Moving Defendants had not argued qualified immunity as a basis for dismissal and, accordingly, the magistrate judge would not address the issue despite Plaintiff's arguments in his response. (ECF No. 23 at 10 n.4). Thus, both the second and fifth objections are irrelevant and

4

unresponsive to the magistrate judge's findings and conclusions in the Report and are, therefore, overruled. Furthermore, because Plaintiff has failed to set forth any specific objections to the Report, the court need only review the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

Having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. The court **ADOPTS** the magistrate judge's Report (ECF No. 23) in its entirety and incorporates it herein. Accordingly, Moving Defendant's motion to dismiss (ECF No. 13) is **GRANTED** and Defendants State of South Carolina, South Carolina Law Enforcement Division, Greenville County, South Carolina Sheriff's Office, and Greenville County, South Carolina are, hereby, **DISMISSED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 2, 2023

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.